UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTINN ANTHONY PETERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA PLUMAS JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 19-cv-00730-KAW<br><br>**ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM; DENYING APPLICATION TO PROCEED IN PAUPERIS**<br><br>Re: Dkt. Nos. 5, 7 |

On February 9, 2019, Plaintiffs Austinn Anthony Peters and Kalika Nicole Peters filed the instant suit against Defendants. (Compl., Dkt. No. 1.) Plaintiffs are minor children with sensory, emotional, physical, cognitive, developmental, or language disabilities who tried to obtain special education and related services from Defendant Sierra Plumas Joint Unified School District. (Compl. ¶ 8.)

On February 12, 2019, Plaintiffs filed an application to proceed in forma pauperis ("IFP application"). (IFP App., Dkt. No. 5.) The IFP application was signed by Plaintiffs' mother, Caitlin Peters, and only listed the assets of Plaintiffs. That same day, Plaintiffs filed a petition to appoint Ms. Peters as guardian ad litem. (Dkt. No. 7.)

The Court GRANTS Plaintiffs' petition to appoint Ms. Peters as guardian ad litem for Plaintiffs. Ms. Peters has attested that she has agreed to act as guardian ad litem in this proceeding and has no conflicting interest in the outcome. (Dkt. No. 7 at 2.)

The Court, however, DENIES Plaintiffs' IFP application without prejudice. "28 U.S.C. § 1915(a) requires that a party seeking to proceed *in forma pauperis* submit an application declaring that 'he is unable to pay' Court costs." *Doe v. Gill*, Case No. 11-cv-4759-JCS, 2011 U.S. Dist. LEXIS 113691, at *2 (N.D. Cal. Oct. 3, 2011.) Here, the minor Plaintiffs have submitted a

1  declaration about their inability to pay, but the guardian ad litem has not submitted any evidence
2  of her inability to pay.  "[W]here leave to proceed *in forma pauperis* is sought to vindicate the
3  alleged substantive rights of a minor, the financial resources of both the minor and the . . .
4  guardian ad litem should be considered in determining ability to pay the costs of litigation."
5  *Cottingham v. Bd. of Educ.*, Case No. 93-cv-DLJ, 1993 U.S. Dist. LEXIS 21865, at *2 (N.D. Cal.
6  Mar. 15, 1993) (internal quotation omitted); *see also Doe*, 2011 U.S. Dist. LEXIS 113691, at *2.
7  Accordingly, Plaintiffs shall file a new IFP application providing Ms. Peters's financial
8  information.  The IFP application must also provide Plaintiffs' complete financial information.[1]
9  The new IFP application shall be filed by **March 1, 2019**.
10        IT IS SO ORDERED.
11 Dated: February 20, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] For example, the IFP application states that Plaintiff Austinn Peters "receive[s] Federal Supplemental Security Income (SSI) as well as other means tested benefits that may apply," but does not state the amount received from each.  (*See* IFP App. at 2.)

2