1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   A. A. P., et al.,                          No.  2:19-cv-00882-TLN-CKD

12                    Plaintiffs,

13          v.                                   **ORDER**

14   SIERRA PLUMAS JOINT UNIFIED
     SCHOOL DISTRICT, et al.,
15
16                    Defendants.

17

18          This matter is before the Court on Defendants Sierra Plumas Joint Unified School District

19   ("the District"), Dr. Merrill M. Grant ("Dr. Grant"), and Teresa Taylor's ("Taylor") (collectively,

20   "Defendants") Motion to Dismiss.  (ECF No. 31.)  Plaintiffs A. A. P. ("A.A.P.") and K. N. P.

21   ("K.N.P."), as minors by and through their *guardian ad litem* Caitlin Peters (collectively,

22   "Plaintiffs"), opposed the motion.  (ECF No. 33.)  Defendants replied.  (ECF No. 37.)  For the

23   reasons discussed herein, the Court GRANTS in part and DENIES in part Defendants' motion.

24   ///

25   ///

26   ///

27   ///

28   ///

                                    1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendants' alleged mistreatment of Plaintiffs and failure to provide special education and services to Plaintiffs, who are special needs students.  (*See* ECF No. 1.) Plaintiffs initiated this action on February 9, 2019, asserting the following claims: (1) assault; (2) violations of the Unruh Civil Rights Act ("Unruh") and California Education Code ("Education Code") § 220; (3) negligence, including negligent hiring, discipline, and supervision of staff personnel by institutional Defendants; (4) breach of mandatory state statutory duty by all Defendants; (5) breach of mandatory federal statutory duty by all Defendants under Title VI of the Civil Rights Act of 1964 ("Title VI"); (6) breach of mandatory federal statutory and constitutional duty by all Defendants; (7) discrimination in violation of the Individuals with Disabilities Education Act ("IDEA"); (8) violations of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"); (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress.  (*Id.*)  On July 30, 2019, Defendants moved to dismiss Claims One through Five and Claims Seven through Ten pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF No. 31.)  Defendants also moved to strike Plaintiffs' claims for punitive damages under Title VI, IDEA, the ADA, and § 504, as well as monetary damages under IDEA, pursuant to Rule 12(f).  (ECF No. 31-1 at 13.)

## II.   STANDARD OF LAW

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

1    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

2    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

3    relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

4    factual content that allows the court to draw the reasonable inference that the defendant is liable

5    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

6          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

7    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

8    1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

9    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

10    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

11    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at

12    678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13    statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

14    facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

15    been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

16    U.S. 519, 526 (1983).

17          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

18    facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

19    *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[ ] [his or her] claims . . . across

20    the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While

21    the plausibility requirement is not akin to a probability requirement, it demands more than "a

22    sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a

23    context-specific task that requires the reviewing court to draw on its judicial experience and

24    common sense." *Id.* at 679.

25          If a complaint fails to state a plausible claim, "[a] district court should grant leave to

26    amend even if no request to amend the pleading was made, unless it determines that the pleading

27    could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

28    (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see*

1    *also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

2    denying leave to amend when amendment would be futile).  Although a district court should

3    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

4    deny such leave is 'particularly broad' where the plaintiff has previously amended its

5    complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

6    2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

7         **III.    ANALYSIS**

8         Defendants move to dismiss Plaintiffs' state law claims pursuant to the Eleventh

9    Amendment and Claims Seven and Eight on the basis that Plaintiffs have failed to exhaust

10   administrative remedies under the IDEA.  (ECF No. 31-1 at 2.)  Defendants also move to dismiss

11   all federal claims against the individual Defendants.  (*Id.*)  Finally, Defendants move to strike

12   Plaintiffs' claims for punitive damages under Title VI, IDEA, ADA, and § 504, as well as

13   monetary damages under IDEA.  (*Id.*)  The Court will address the Eleventh Amendment issue,

14   exhaustion requirements under IDEA, the individual Defendants' liability under federal law, and

15   punitive and monetary damage claims in turn.[1]

16         A.    Eleventh Amendment Immunity[2]

17         Defendants argue Plaintiffs' state law claims (Claims One through Four, Nine, and Ten)

18   should be dismissed because the Eleventh Amendment provides them immunity in federal court.[3]

19   _____

20   [1]    In reply, Defendants argue for the first time that Claim Six of the Complaint must be
     denied for failure to state a claim.  (ECF No. 37 at 5–6.)  However, the Court need not consider
21   arguments raised for the first time in a reply brief.  *See Lane v. Dep't of Interior*, 523 F.3d 1128,
     1140 (9th Cir. 2008).  Therefore, the Court declines to consider dismissing Claim Six.

22
     [2]    Plaintiff brings an assault in Claim One against Dr. Grant only.  (*See* ECF No. 1 at 13.)
23   Plaintiff also lists Claim Three as against "Institutional Defendants[][.]" Accordingly, the Court
     will interpret Claim Three as against the District only.  (*See id.* at 14.)
24

25   [3]    On reply, Defendants additionally argue for the first time that Eleventh Amendment
     immunity finds authority in Rule 12(b)(1) for lack of subject matter jurisdiction.  (ECF No. 37 at
26   2.)  The Court need not consider arguments raised for the first time in a reply brief.  *See Lane*,
     523 F.3d at 1140.  Regardless, Rule 12(b)(6) is appropriate and sufficient authority for invoking
27   the sovereign immunity defense.  *See Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2
     (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be
28   raised in either a Rule 12(b)(1) or 12(b)(6) motion.") (citing *Pistor v. Garcia*, 791 F.3d 1104,

4

(*See* ECF No. 31-1 at 4–6.)  "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  This "sovereign immunity" also extends to state agencies.  *Durning v. Citibank*, 950 F.2d 1419, 1423 (9th Cir. 1991).  School districts in California are "state agencies" and protected by the Eleventh Amendment.  *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 251 (9th Cir. 1992).  Officials of school districts, when sued in their official capacities, also receive Eleventh Amendment protection.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).  Further, immunity "extends to state law claims over which federal court could exercise supplemental jurisdiction."  *S.B. by & through Kristina B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1235 (E.D. Cal. 2018) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002)).  For example, the Eleventh Amendment immunizes school districts in California from tort claims and claims brought under Unruh and the Education Code.  *See Stanley v. Trustees of Cal. State Univ.* 433 F.3d 1129, 1133–34 (9th Cir. 2006).

Plaintiffs argue sovereign immunity does not apply to Defendants.  However, most of Plaintiffs' arguments miss the mark.  First, Plaintiffs argue various reasons why the Eleventh Amendment does not bar Plaintiffs' Claims Seven and Eight under federal law.[4]  (*See* ECF No. 33 at 7–11.)  However, Defendants did not move to dismiss Claims Seven and Eight on sovereign immunity grounds.  (*See* ECF No. 31-1 at 2.)

Second, Plaintiffs cite two cases to argue school districts are not immune from students' tort claims.  (*See* ECF No. 33 at 10–11 (citing *Jimenez v. Roseville City School Dist.*, 247 Cal. App. 4th 594 (2016), and *C.A. v. William S. Hart Union High School Dist.*, 53 Cal. 4th 861 (2012).)  However, the two cited cases deal with tort claims in *state* court and neither addresses sovereign immunity for tort claims in *federal* court.

---

1111 (9th Cir. 2015); *Eason v. Clark Cnty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002)).

[4]     To support these arguments, Plaintiffs request judicial notice of certain facts.  (ECF No. 35; *see also* ECF No. 33 at 5.)  The Court declines to rule on that request at this time as, for the reasons stated herein, the Court finds it unnecessary to reach the merits of those arguments.

Third, Plaintiffs argue that *Ex Parte Young*, 209 U.S. 123 (1908), carves out an exception for their claims against Dr. Grant.  (ECF No. 33 at 9.)  Although Plaintiffs correctly note the court in *Ex Parte Young* permitted injunctive relief against state actors, Plaintiffs fail to specify how exactly the *Ex Parte Young* exception applies with respect to Dr. Grant and what relief they are seeking from him in this context.  (*See id.*)  As it does not appear Plaintiffs are seeking injunctive relief against Dr. Grant in his official capacity (*see id.*; *see also* ECF No 1. at 21–22), this Court cannot ascertain the relevance of Plaintiffs' *Ex Parte Young* exception argument.

Fourth, Plaintiffs argue that if the IDEA claims against Defendants are not barred by the Eleventh Amendment, then the Court should allow the "other claims . . . [i]f they are related to the same cause of action that pertain to IDEA."  (*See* ECF No. 33 at 11.)  To the extent these "other claims" include Plaintiffs' state claims, Plaintiffs fail to cite to any case supporting this line of reasoning, and the Court is unaware of such a case.  The Court notes another court in this district reached a contrary conclusion on a similar issue.  *See S.B. by & through Kristina B.*, 327 F. Supp. 3d at 1235 ("Pursuant to this well-settled precedent, whether Plaintiffs' declaratory relief claim asserting portions of the California Education Code violate the California Constitution is intertwined with their other federal claims, federal courts have no discretion to entertain private suits against a state and its officials on the basis of state law.") (citing *Pennhurst v. Halderman*, 465 U.S. 89, 106 (1984)).

In sum, Plaintiffs' Claims One through Four and Claims Nine and Ten are tort, Unruh, and Education Code claims.  (See ECF No. 1 at 13–16.)  Therefore, the Eleventh Amendment bars these claims in this Court to the extent that they are brought against the County, Dr. Grant, and Taylor in their official capacities.  Accordingly, this Court DISMISSES those claims without leave to amend.

Plaintiffs do correctly point out, however, that individual Defendants may be liable for state law claims in their personal capacities.  (*See* ECF No. 33 at 10.)  Defendants' argument to the contrary is unpersuasive for two reasons.  First, Defendants cite *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396 (N.D. Cal. 1997), for the proposition that "this Court has held that Eleventh Amendment immunity applies with equal force to individual defendants sued

1    in both individual and official capacities in federal court for state law violations." (ECF No. 37 at

2    2.) However, *Carmen* is not binding on this Court. Further, *Carmen* is unpersuasive because its

3    decision on this issue is devoid of thorough analysis, *see Carmen*, 982 F. Supp at 1406, and in

4    fact is contrary to Ninth Circuit precedent. *See Ashker v. California Dep't of Corr.*, 112 F.3d 392,

5    394 (9th Cir. 1997) ("[The Ninth Circuit has] held that the Eleventh Amendment would not bar

6    federal or pendent state claims seeking damages against a state official acting personally.") (citing

7    *Pena v. Gardner*, 976 F.2d 469, 472–74 (9th Cir. 1992)); *see also Cholla Ready Mix, Inc. v.*

8    *Civish*, 382 F.3d 969, 974 n.4 (9th Cir. 2004).

9        To clarify, "[s]uits against government officials in their individual or personal, rather than

10   official capacities, are not barred by the Eleventh Amendment." *Roe ex rel. Callahan v. Gustine*

11   *Unified School Dist.*, 678 F. Supp. 2d 1008, 1022 (E.D. Cal. 2009) (citing *Price v. Akaka*, 928

12   F.2d 824, 828 (9th Cir. 1990)); *see also A.A. v. Clovis Unified Sch. Dist.*, No. 1:13-CV-01043

13   AWI SM, 2014 WL 3488963, at *7 (E.D. Cal. July 14, 2014) ("The Eleventh Amendment

14   precludes the adjudication of pendent state law claims against nonconsenting state defendants in

15   federal courts. . . . This does not apply where the state official is sued in personal capacity.")

16   (citing *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973–74 (9th Cir. 2004)).

17       In the instant case, Plaintiffs explicitly bring their claims against Taylor only in "her

18   official capacity as Special Education Teacher at Downieville Elementary." (ECF No. 1 at 2.) To

19   the extent that Plaintiffs also intended to bring claims against Taylor in her personal capacity, the

20   Court DISMISSES such claims with leave to amend.

21       In contrast, Plaintiffs explicitly bring their claims against Dr. Grant in *both* his official and

22   personal capacities. (*Id.*) Therefore, the Court DENIES the motion to dismiss Claims Two, Four,

23   Nine and Ten against Dr. Grant in his personal capacity. *See Clovis Unified Sch. Dist.*, *2014 WL*

24   *3488963*, at *7; *Cholla Ready Mix, Inc.*, 382 F.3d at 973–74. Defendants raise alternative

25   grounds for dismissing Claim One against Dr. Grant in his personal capacity. Specifically,

26   Defendants argue Plaintiffs have not alleged sufficient facts to state an assault claim. (ECF No.

27   31-1 at 6.) Turning to the Complaint, the only factual allegations that resemble an assault claim

28   are as follows: "Sometime in September 2017, Dr. Grant brought [A.A.P.] into his office, yelled

1   at him, including using profanity, indicating that [A.A.P.] was not wanted at school, and

2   suspended him. The police [were] called again." (ECF No. 1 at 6.)  All other allegations made by

3   Plaintiffs are mere recitations of the elements of assault. (*See id.* at 13.)

4       "The elements of civil assault are: demonstration of an unlawful intent by one person to

5   inflict immediate injury on the person of another then present. The tort of assault is complete

6   when the anticipation of harm occurs. Mere words, however threatening, will not amount to an

7   assault." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1178 (E.D. Cal. 2011), *aff'd in*

8   *part*, 604 F. App'x 545 (9th Cir. 2015) (quoting *Martinez v. Garza*, 2011 WL 23670 at *22 (E.D.

9   Cal. Jan. 3, 2011)).

10      Here, Plaintiffs do not allege that Dr. Grant made any gestures or took any actions to

11  suggest he intended to inflict bodily harm on A.A.P., nor do they allege facts showing A.A.P.

12  anticipated immediate harm. (*See* ECF No. 1 at 6.)  Simply put, Dr. Grant's words alone are not

13  enough to constitute assault. *See Hardin*, 813 F. Supp. 2d at 1178 (quoting *Martinez*, 2011 WL

14  23670 at *22).  However, the Court cannot say that amendment would be futile. Therefore, the

15  Court GRANTS the motion to dismiss Claim One against Dr. Grant in his personal capacity with

16  leave to amend.

17          B.      Exhaustion under IDEA

18              i.      *Claim Seven Requires IDEA Exhaustion*

19      Plaintiffs bring Claim Seven against Defendants for denial of "[a] free appropriate public

20  education" ("FAPE") in violation of the IDEA. (ECF No. 1 at 17.)  Defendants seek to dismiss

21  this claim for failure to exhaust administrative remedies under the IDEA. (ECF No. 31-1 at 6.)

22  The IDEA is a federal statute enacted "to ensure that all children with disabilities have available

23  to them a free appropriate public education."  20 U.S.C. § 1400(d)(1)(A).  To comply with the

24  IDEA, school districts must create an Individualized Education Program ("IEP") for each child

25  with a disability. *Id.* at § 1414(d).  Additionally:

26      The IDEA requires educational agencies to implement procedures which provide
        "[a]n opportunity to present complaints with respect to any matter relating to the
27      identification, evaluation, or educational placement of the child, or the provision of
        a [FAPE] to such child[.]"  20 U.S.C. § 1415(b)(6).  The parent or educational
28

agency begins the process by filing a due process complaint.   20 U.S.C. § 1415(b)(6), (b)(7).   The matter proceeds to a "due process hearing" before an impartial hearing officer. § 1415(f)(1)(A).

*S.B. by & through Kristina B.*, 327 F. Supp. 3d at 1243–44.  Moreover, "[a]ny party aggrieved by the findings and decision made [in the due process hearing or by placement in alternative educational settings] who does not have the right to an appeal [. . .] shall have the right to bring a civil action." *Id.* at § 1415(i)(2)(A).  Notably, the IDEA requires the exhaustion of all administrative remedies on all claims prior to filing a civil action.  *Id.* at § 1415(l).  In other words, "[p]laintiffs must exhaust their remedies in the administrative proceeding prior to seeking relief from the Court." *J.H. ex rel Sarah H. v. Nevada City Sch. Dist.*, No. 2:14-CV-00796-TLN, 2015 WL 1021424, at *3 n.4 (E.D. Cal. Mar. 9, 2015) (citing *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1163–64 (9th Cir. 2007).

Although Claim Seven is clearly an IDEA claim, Plaintiffs fail to allege exhaustion under IDEA prior to filing this civil suit.  (*See* ECF No. 1 at 7.)  Plaintiffs allege they have forwarded a complaint to the District and the California Department of Education.  (*Id.*)  However, this complaint appears to be related to the Government Tort Claims Act, not the IDEA.  Plaintiffs also argue the Education Code does "not require any exhaustion of administrative remedies[.]"  (*See* ECF No. 33 at 14.)  However, this is simply irrelevant for the issue of exhaustion under IDEA.  (*See id.*)  Even the section heading in Plaintiffs' opposition to the motion to dismiss appears to admit that Plaintiffs have not met IDEA exhaustion requirements, as Plaintiffs allege their "inability to exhaust administrative remedies [does] not bar [their] claims[.]"  (*Id.*)  For all these reasons, Plaintiffs indeed fail to allege IDEA exhaustion for Claim Seven.

*ii.*     *Claim Eight Requires IDEA Exhaustion*[5]

Plaintiffs bring Claim Eight against Defendants under § 504 for various IDEA violations. (*See* ECF No. 1 at 18.)  Although this is a claim under § 504, Defendants argue IDEA exhaustion

---

[5]     Plaintiffs' Claim Eight sub-heading states "Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act[,]" but Plaintiffs fail to detail an ADA violation under this claim.  (*See* ECF No. 1 at 18.)  Because Plaintiffs only discuss § 504 and IDEA under Claim Eight, the Court will not address any ADA violations under this claim.

9

1   is required and therefore this claim should be dismissed for failure to exhaust IDEA's

2   administrative remedies.  (*See* ECF No. 31-1 at 6.)

3        In *Fry v. Napoleon Community Schools*, the Supreme Court explained that "[s]ection

4   1415(l) [of the IDEA] requires that a plaintiff exhaust the IDEA's procedures before filing an

5   action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit

6   'seek[s] relief that is also available' under the IDEA." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct.

7   743, 752 (2017).  Such an action "must seek relief for the denial of a FAPE, because that is the

8   only 'relief' the IDEA makes 'available.'" *Id.*  When determining whether an action brought

9   under a statute other than IDEA seeks relief for the denial of a FAPE, courts must look "to the

10   'substance of, rather than the labels used in, the plaintiff's complaint . . . or, in legal speak, the

11   gravamen — of the plaintiff's complaint." *Id.* at 755 (citations omitted).

12        It is clear that Claim Eight is seeking relief for denial of a FAPE.  As Defendants point

13   out, Plaintiffs' claim "incorporate[d] by reference the IDEA allegations regarding denial of [a]

14   FAPE." (ECF No. 31-1 at 12.)  Plaintiffs also explicitly label certain causes of action under this

15   claim as "IDEA violations" under the Rehabilitation Act and allege "Defendants failed to provide

16   services, programs, and activities" in the school setting and "subjected Plaintiffs to a hostile

17   education environment." (ECF No. 1 at 18; *see also* ECF No. 31-1 at 12.)  These all appear to be

18   claims that relate to the denial of a FAPE.

19        Plaintiffs fail to address this issue or refute any of Defendants' arguments on this point.

20   (*See* ECF No. 33 at 14-15.)  Moreover, Plaintiffs fail to specify the type of remedy sought under

21   Claim Eight for violation of § 504.  This is important because to the extent that Plaintiffs seek

22   remedies also available under IDEA, requests for such remedies require IDEA exhaustion.  *Fry*,

23   137 S. Ct. at 752.  Additionally, as Defendants correctly point out, the *Fry* Court declined to

24   address "how to apply § 1415(l) to non-IDEA claims where the injury is due to denial of [a]

25   FAPE, but the remedy sought is a form of damages technically unavailable under the IDEA."

26   (ECF No. 31-1 at 10.)  The Ninth Circuit "has indicated such a claim must be exhausted." *D.D.*

27   *by and through Ingram v. Los Angeles Unified Sch. Dist.*, 984 F.3d 773, 791 n.15 (9th Cir. 2020)

28   (citing *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 875 (9th Cir. 2011)).  Regardless, because

1    Plaintiffs fail to specify the remedies sought under Claim Eight, the Court cannot determine

2    whether Plaintiffs were required to exhaust this claim.  *See Payne*, 653 F.3d at 881 ("[T]he

3    district court on remand should permit Payne to amend her complaint in order to flesh out her

4    specific claims and enable the court to determine which claims require IDEA exhaustion and

5    which do not.").

6                                 *iii.*        *Excuse from Exhaustion*

7            Plaintiffs argue their inability to exhaust administrative remedies does not bar their claims.

8    (ECF No. 33 at 14.)  "[B]oth the Supreme Court and the Ninth Circuit have held that exhaustion

9    is not necessary under the IDEA where it would be futile or inadequate to protect the plaintiff's

10   rights, or where an agency has adopted a policy or general practice that is contrary to the law."

11   *A.M. by and through Mixon v. Fresno Unified Sch. Dist.*, No. 116-CV-00725-LJO-SKO, 2017

12   WL 6209389, at *10 (E.D. Cal. Dec. 8, 2017) (citing *Honig v. Doe*, 484 U.S. 305, 326–27

13   (1988)).  The party seeking to avoid exhaustion carries "[t]he burden of demonstrating futility or

14   inadequacy."  *Id.* (citing *Honig*, 484 U.S. at 327).  Plaintiffs argue exhaustion was futile because

15   the District's administrative process was inadequate and even tainted by Dr. Grant's leadership in

16   the District and "animus" towards Plaintiffs.  (*See* ECF No. 33 at 14.)  Nevertheless, these

17   arguments fail to address how the administrative process *under IDEA* was inadequate, as the

18   question is not whether Plaintiffs failed to exhaust the District's remedies, but rather whether

19   Plaintiffs failed to exhaust IDEA's administrative remedies.

20           Plaintiffs also point out that Dr. Grant's removal as superintendent of the District and

21   replacement by a new interim superintendent "curiously" coincided with a previously scheduled

22   hearing on this motion to dismiss.  (ECF No. 33 at 14; *see also id.* at 5.)  Plaintiffs use this fact to

23   argue that exhaustion would have been futile because the District would have found Plaintiffs'

24   administrative claims moot due to the presence of new leadership at the District.  (*See id.* at 14.)

25   However, even if such a theory were taken as true, Plaintiffs fail to explain why pursuing any

26   administrative remedies under the IDEA prior to this lawsuit would have been futile.

27           Thus, Plaintiffs efforts to argue futility as an excuse from IDEA exhaustion fall short of

28   meeting their burden.  Therefore, because Claims Seven and Eight require IDEA exhaustion and

1    Plaintiffs failed to allege IDEA exhaustion or excuse from exhaustion, the Court DISMISSES

2    Claims Seven and Eight against the District with leave to amend.

3                    C.       Individual Defendants' Liability Under Federal Claims

4            Defendants argue all Plaintiffs' federal claims (Claims Five, Seven, and Eight) must be

5    dismissed as to individual Defendants.[6]  (ECF No. 31-1 at 12.)  The Court agrees.

6            Claim Five alleges Title VI violations.  (ECF No. 1 at 16.)  Under Title VI, a "plaintiff can

7    only seek recovery from the recipient of the federal funding.  Thus, individuals may not be held

8    liable under Title VI."  *Travis v. Folsom Cordova Unified Sch. Dist.*, No. 2:06-cv-2074-MCE-

9    EFB, 2007 WL 529840, at *6 (E.D. Cal. Feb. 20, 2007) (citing *Shotz v. City of Plantation*, 344

10   F.3d 1161, 1169–70 (11th Cir. 2003)).  Therefore, Claim Five against Dr. Grant and Taylor is

11   DISMISSED without leave to amend.

12           Claims Seven and Eight allege IDEA, ADA, and § 504 violations.  (ECF No. 1 at 17–18.)

13   Under the ADA and § 504, only a public entity that receives federal funds, and not an individual

14   defendant, may be held liable.  *See Zukle v. Regents of the Univ. of Cal.*, 166 F.3rd 1041, 1045

15   (9th Cir. 1999) (citing *Dempsey v. Ladd*, 840 F.2d 638, 640 (9th Cir.1988); *Willis v. Pacific*

16   *Maritime Assoc.*, 162 F.3d 561, 565 (9th Cir.1998)); *see also Everett v. Dry Creek Joint*

17   *Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014) ("Section 504 does not allow

18   for individual capacity suits.") (internal quotation marks omitted) (quoting *A.M. v. NYC Dept. of*

19   *Educ.*, 840 F. Supp. 2d 660, 678 (E.D. N.Y. 2012)).  Similarly, under the IDEA, the proper

20   defendant is the school district, and not the individually named Defendants, because it is the

21   school district who is the responsible for providing a FAPE under the IDEA.  *See Everett*, 5 F.

22   Supp. 3d at 1180 ("The few decisions that have examined this issue have generally recognized

23   that the IDEA does not permit damages for compensatory education or reimbursement against

24   individual defendants."); *see, e.g.*, *Blanchard v. Morton Sch. Dist.*, No. C06-5166 FDB, 2006 WL

25   2459167, at *2 (W.D. Wash. Aug. 25, 2006) ("[I]ndividual defendants 'may not be sued in their

26   _____

27   [6]       Despite disclaiming liability for individual Defendants under "federal claims" alleged in
     the Complaint, Defendants only specifically address Title VI (Claim Five), IDEA (Claim Seven),
     and the ADA and § 504 (Claim Eight).  (ECF No. 31-1 at 12–13.)  Thus, the Court will not
28   consider Claim Six in this section.  (ECF No. 1 at 16–17.)

1    individual capacities under . . . the IDEA because [the statute does] not provide for individual

2    liability'").  Thus, Claims Seven and Eight against Dr. Grant and Taylor are DISMISSED without

3    leave to amend.

4                          D.    Punitive and Monetary Damages

5            Lastly, Defendants move to strike Plaintiffs' claims for punitive damages under Title VI,

6    IDEA, ADA, and § 504, as well as monetary damages under IDEA.  (ECF No. 31-1 at 13.)  Rule

7    12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant,

8    immaterial, impertinent, or scandalous matter."  A court will only consider striking a defense or

9    allegation if it fits within one of these five categories.  *Yursik v. Inland Crop Dusters Inc.*, No.

10   CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal. Nov.16, 2011) (citing

11   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)).  "[T]he function of

12   a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

13   litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H.

14   Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

15           The Supreme Court has stated that punitive damages are unavailable in private suits under

16   the ADA and the Rehabilitation Act, just as they are unavailable under Title VI.  *Barnes v.

17   Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private

18   suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded

19   in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.").  Additionally,

20   "emotional, general, and punitive money damages . . . [are] not available under the IDEA."

21   *Russell v. Dep't of Educ.*, 377 F. App'x 595, 596 (9th Cir. 2010) (citing *Blanchard v. Morton Sch.

22   Dist.*, 509 F.3d 934, 936 (9th Cir. 2007)).  Plaintiffs argue the District is subject to punitive

23   damages under various *California* statutes and cases.  (*See* ECF No. 33 at 12.)  However,

24   Defendants did not bring up the issue of damages under California law (*see* ECF No. 31-1), and

25   California law is irrelevant for determining this issue under federal law.  Thus, because of the

26   unavailability of these forms of damages under Title VI, IDEA, ADA, and § 504, Plaintiffs'

27   claims for punitive damages, and monetary damages under IDEA, are immaterial.  Accordingly,

28   Defendants' motion to strike is GRANTED.

13

1  IV. **CONCLUSION**

2  For these reasons, the Court hereby GRANTS in part and DENIES in part Defendants'

3  Motion to Dismiss (ECF No. 31) as follows:

4  1. Defendants' Motion to Dismiss is GRANTED as to Claims Two through Four and

5  Claims Nine and Ten against the District without leave to amend;

6  2. Defendants' Motion to Dismiss is GRANTED as to Claims Two, Four, Nine, and Ten

7  against Taylor in her official capacity without leave to amend, and GRANTED as to

8  Claims Two, Four, Nine, and Ten against Taylor in her personal capacity with leave to

9  amend;

10  3. Defendants' Motion to Dismiss is GRANTED as to Claims One, Two, Four, Nine and

11  Ten against Dr. Grant in his official capacity without leave to amend, DENIED as to

12  Claims Two, Four, Nine and Ten against Dr. Grant in his personal capacity, and

13  GRANTED as to Claim One against Dr. Grant in his personal capacity with leave to

14  amend;

15  4. Defendants' Motion to Dismiss is GRANTED as to Claims Seven and Eight against

16  the District with leave to amend;

17  5. Defendants' Motion to Dismiss is GRANTED as to Claims Five, Seven, and Eight

18  against Dr. Grant and Taylor without leave to amend; and

19  6. Defendants' Motion to Strike is GRANTED as to Plaintiffs' claims for punitive

20  damages under Title VI, IDEA, ADA, and § 504, as well as monetary damages under

21  IDEA.

22  Plaintiffs may file an amended complaint not later than thirty (30) days from the date of

23  electronic filing of this Order.  Defendants' responsive pleading is due twenty-one (21) days after

24  Plaintiffs file an amended complaint.

25  IT IS SO ORDERED.

26  DATED:  March 4, 2021

27

28  Troy L. Nunley
United States District Judge

14