UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. A. P., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA PLUMAS JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:19-cv-00882-TLN-CKD<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants Sierra Plumas Joint Unified School District, Dr. Merrill M. Grant, and Teresa Taylor's (collectively, "Defendants") Motion to Dismiss. (ECF No. 43.) In response, Plaintiffs A. A. P. and K. N. P., as minors by and through their *guardian ad litem* Caitlin Peters (collectively, "Plaintiffs"), filed a document titled "Plaintiffs' Opposed Motion to Remand to State Court Per 28 U.S.C. § 1447." (ECF No. 46.) For the reasons discussed herein, the Court GRANTS Defendants' motion.

This case arises from Defendants' alleged mistreatment of Plaintiffs and failure to provide special education and services to Plaintiffs, who are special needs students. (*See* ECF No. 1.) Plaintiffs initiated this action on February 9, 2019, asserting the following claims: (1) assault; (2) violations of the Unruh Civil Rights Act ("Unruh") and California Education Code ("Education Code") § 220; (3) negligence, including negligent hiring, discipline, and supervision of staff

1    personnel by institutional Defendants; (4) breach of mandatory state statutory duty by all
2    Defendants; (5) breach of mandatory federal statutory duty by all Defendants under Title VI of
3    the Civil Rights Act of 1964 ("Title VI"); (6) breach of mandatory federal statutory and
4    constitutional duty by all Defendants; (7) discrimination in violation of the Individuals with
5    Disabilities Education Act ("IDEA"); (8) violations of the Americans with Disabilities Act
6    ("ADA") or Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"); (9) intentional
7    infliction of emotional distress; and (10) negligent infliction of emotional distress. (*Id.*)

8    On July 30, 2019, Defendants moved to dismiss Claims One through Five and Claims
9    Seven through Ten pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 31.)
10   Defendants also moved to strike Plaintiffs' claims for punitive damages under Title VI, IDEA, the
11   ADA, and § 504, as well as monetary damages under IDEA, pursuant to Rule 12(f). (ECF No.
12   31-1 at 13.) On March 5, 2021, the Court granted in part and denied in part Defendants' motion.
13   (ECF No. 38.) The Court allowed Plaintiffs thirty days to file an amended complaint. (*Id.* at 14.)
14   On March 31, 2021, the Court approved the parties' joint stipulation for a 60-day extension of
15   time for Plaintiffs to file an amended complaint not later than June 4, 2021. (ECF No. 40.)
16   Plaintiffs never filed an amended complaint. On July 1, 2021, Defendants brought the instant
17   motion to dismiss the action for failure to prosecute under Rule 41(b). (ECF No. 43.) On August
18   6, 2021, the Court ordered Plaintiffs to show cause for failing to file an opposition or non-
19   opposition to Defendants' motion as required by Local Rule 230(c). (ECF No. 44.) The Court
20   ordered Plaintiffs to file an opposition or non-opposition by August 19, 2021. (*Id.*) On August
21   19, 2021, Plaintiffs filed a document titled "Plaintiffs' Opposed Motion to Remand to State Court
22   Per 28 U.S.C. § 1447." (ECF No. 46.) In the document, Plaintiffs argue that because the only
23   surviving claims are state law claims, there is no valid reason for the case to remain in federal
24   court and request the Court remand the case to Sierra County Superior Court. (*Id.* at 2–3.)

25   The Court construes Plaintiffs' filing as a non-opposition. Plaintiffs have made clear they
26   are uninterested in proceeding with this action in federal court. Because Plaintiffs originally filed
27   this action in this Court — not state court — remand is not appropriate under 28 U.S.C. § 1447,
28   which allows for remand only if a case has been removed from a state court. *See Pac. Gas &*

*Elec. Co. v. Fibreboard Prod., Inc.*, 116 F. Supp. 377, 382 (N.D. Cal. 1953) ("[T]he statutory right to remand is limited to cases where jurisdiction was acquired by removal."). Because Plaintiffs have failed to prosecute their claims, the Court GRANTS Defendants' motion (ECF No. 43) and DISMISSES this action without prejudice to Plaintiffs filing the action in state court. The Clerk of Court is ordered to close the case.

      IT IS SO ORDERED.

Dated: August 30, 2021

                                    Troy L. Nunley
                                    United States District Judge